UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 21-00102 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DYLAN HUDSON | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a motion in limine filed by the Defendant Dylan Hudson ("Defendant" or "Hudson") to introduce certain video statements from an unavailable witness (Record Document 59). The Government opposed the motion. See Record Document 72. For the reasons set forth below, the motion is **DENIED** on the grounds raised in the motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Hudson is charged by Indictment on April 28, 2021, with Deprivation of Rights Under Color of Law, in violation of 18 U.S.C. § 242. See Record Document 1. The charges arise from an incident wherein Hudson, a former police officer with the Shreveport Police Department ("SPD"), allegedly used unlawful and unjustifiable tactics to effectuate the arrest of M.T. See Record Document 59 at 2. Eleven days after the incident, SPD detectives conducted a video-recorded, custodial interview with the victim, M.T., as part of their investigation into Hudson's actions during the arrest. See Record Document 72 at 1. The Government states that the FBI did not open an investigation until sometime after SPD recorded these statements. See id. at 4-5.

The Defendant states that he intended to call M.T. as a witness during his trial set for December 12, 2022. See Record Document 59 at 2. While defense counsel was

preparing a subpoena request for M.T., counsel learned that M.T. passed away on November 11, 2022.[1] See id. Defendant filed the instant motion to introduce at trial M.T.'s statements to SPD detectives as an exception to the rule against hearsay and an exercise of the Defendant's rights under the Confrontation Clause. See id. at 1.

## LAW AND ANALYSIS

I. **Legal Standards**

   a. **Hearsay**

The Federal Rules of Evidence generally prohibit out-of-court statements to be offered in court for the truth of the matter asserted in the statement. See Fed. R. Evid. 801 and 802. Federal Rule of Evidence 804 (hereinafter referred to as "Rule 804") provides certain exceptions to the prohibition against hearsay when a declarant is unavailable. Under Rule 804(a)(4), a declarant is considered to be unavailable as a witness if the declarant "cannot be present or testify at the trial or hearing because of death..." When a declarant is unavailable, Rule 804 provides an exception to hearsay for "former testimony." Specifically, Rule 804(b) provides:

> The following are not excluded by the rule against hearsay if the declarant is unavailable as a witness:
>
> (1) **Former Testimony.** Testimony that:
>
>   (A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one, and
>
>   (B) is now offered against a party who had—or, in a civil case, whose predecessor in interest had—an opportunity and similar motive to develop it by direct, cross-, or redirect examination.

---

[1] The circumstances of M.T.'s death are unrelated to the incident underlying the Indictment.

### b. Confrontation Clause

"The Sixth Amendment's Confrontation Clause provides that, '[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." Crawford v. Washington, 541 U.S. 36, 42, 124 S. Ct. 1345 (2004). The Clause "applies to 'witnesses' against the accused—in other words, those who 'bear testimony.'" Id. at 51 (citation omitted). "'Testimony,' in turn, is typically, [a] solemn declaration or affirmation made for the purpose of establishing or proving some fact.'" Id. The Fifth Circuit has held that "testimony" includes "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." Brown v. Epps, 686 F.3d 281, 286-87 (5th Cir. 2012) (quoting Crawford, 541 U.S. at 52). The Clause's reach is limited to testimonial statements and "in order for testimonial evidence to be admissible, the Sixth Amendment demands 'unavailability and a prior opportunity for cross examination.'" Michigan v. Bryant, 562 U.S. 344, 354, 131 S. Ct. 1143, 1153 (2011).

## II. Analysis

The recorded videos of M.T.'s statements contain hearsay, and he is an unavailable witness under Fed. R. Evid. 804(a)(4). The issues on whether the statements fall under the exception to hearsay, therefore, are threefold: (1) whether M.T.'s custodial interview may be considered "former testimony" under Fed. R. Evid. 804(b)(1), (2) whether SPD and the FBI are the "same party," and (3) if so, whether the FBI, in its investigation of Hudson, had both the opportunity and a similar motive to SPD in developing M.T.'s testimony. Finally, the Court must determine whether excluding M.T.'s

statements will violate Hudson's Sixth Amendment right to confront the witnesses against him.

### a. Former Testimony

Defendant contends that M.T.'s post-*Miranda* interview with SPD detectives should be construed by this Court as former testimony because the statements were "testimonial." See Record Document 59 at 4. The Government opposes this notion, stating that "testimonial," as defined in Confrontation Clause jurisprudence, is different from "former testimony at a trial, hearing, or lawful deposition," as required by Rule 804(b)(1). It is the Government's position that because M.T. was not under oath when he made the statements to SPD, those statements cannot fit into the category of "former testimony." See Record Document 72 at 3.

The Supreme Court has noted that, for purposes of Rule 804(b)(1), the word "testimony" refers only to statements made under oath or affirmation. See U.S. v. Salerno, 505 U.S. 317, 322, 112 S. Ct. 2503, 2507 (1992) (citing Advisory Committee Notes on Fed. R. Evid. 804). Thus, because M.T.'s statements were not made under oath, the statements cannot be considered former testimony.

This finding is bolstered by the Court's reading of Confrontation Clause jurisprudence. Harkening back to the standard enumerated in Brown, supra, the Court finds that the statements are not testimonial when looking at the circumstances surrounding M.T.'s statements. The circumstances of an interview by SPD, whether custodial or not, would not lead an objectively reasonable witness to believe those statements would be available for use at a later trial on charges stemming from an investigation *by the FBI*.

For these reasons, the Court finds the statements do not constitute "former testimony" under Rule 804(b)(1). However, even assuming, *arguendo*, that the statements qualify as "former testimony," Defendant has still failed to make a showing that the other two elements are met for purposes of Rule 804(b)(1).

### b. Same Party

The second prong of Rule 804(b)(1) requires that the testimony be "offered against a party who had ... an opportunity and similar motive to develop it by direct, cross-, or redirect examination." The question here becomes whether SPD and the FBI can be considered the "same party."

The Fifth Circuit addressed a similar issue in <u>United States v. Baker</u>, 923 F.3d 390 (5th Cir. 2019). In <u>Baker</u>, the defendant was indicted by the Department of Justice ("DOJ") for charges relating to securities fraud. <u>See id.</u> at 393. The defendant sought to introduce testimony from an unavailable witness's deposition during the investigation by the Securities and Exchange Commission ("SEC"), which predated and was independent from the DOJ investigation. <u>See id.</u> at 398-99. The trial court excluded the testimony, finding that the SEC and the DOJ were not the "same party" for purposes of Rule 804(b)(1), and the Fifth Circuit affirmed this decision. <u>See id.</u> at 399-401. The Fifth Circuit noted that although there was some cooperation between the SEC and the DOJ for the investigation, the cooperation was not extensive enough for the SEC and the DOJ to be deemed the same party. <u>See id.</u> at 401.

The same reasoning applies here. SPD interviewed M.T. presumably for its own investigation into the incident. Neither party has stated whether SPD and the FBI cooperated to such an extent during the FBI's investigation that the two could be

5

considered the same party here. This is supported by the fact that SPD's interview with M.T. predated the FBI's investigation into the incident. Thus, because the SPD interview with M.T. was not related to the FBI's investigation into the incident and because the SPD and the FBI are two completely separate entities, the Court declines to find the two agencies are the same party.

### c. Opportunity and Similar Motive

Even if SPD and the FBI were deemed to be the same party, the two did not share the same motive in developing M.T.'s "testimony." In Baker, supra, the Fifth Circuit looked at factors such as the type of investigation, the burden of proof, the focuses and motivations of the investigations, and the trial strategies utilized by the different parties. Citing each of these, the Fifth Circuit found that the SEC and the DOJ did not have sufficiently similar motives. See id. at 402.

The Court finds the same analysis is helpful here. SPD and the FBI conducted different investigations. As Defendant noted, SPD investigation focused on "potential administrative or criminal wrongdoing" of the Defendant. Record Document 59 at 4. Presumably, though neither party has clearly stated, the SPD interview was used for administrative purposes within the SPD. Conversely, the FBI's investigation focused solely on the potential *criminal* misconduct of the Defendant. The burden of proof required is different for an administrative remedy within a department than for a criminal trial. Likewise, the investigations likely utilized different strategies. As such, the Court finds that SPD and the FBI did not have an opportunity and similar motive, as required by Rule 804(b)(1).

Because the statements do not meet the requirements of Rule 804(b)(1), the Court finds M.T.'s statements do not fall within the defense's proffered hearsay exception and are not admissible pursuant to the grounds raised in the defense motion.

### d. Confrontation Clause

Defendant also cites his Sixth Amendment right to confront witnesses against him as grounds to admit M.T.'s statements at trial. See Record Document 59 at 5. He further argues that M.T.'s statements would be "exculpatory to a reasonable degree" and that defense counsel had planned to call M.T. as a witness during trial. Id. The Government argues that the Confrontation Clause does not provide defendants with the right to cross-examine a person who is not called as a witness against him. See Record Document 72 at 5.

The Courts notes that this issue does present a somewhat peculiar situation, wherein the Defendant is seeking to introduce evidence from a victim, rather than seeking to preclude evidence based on an inability to cross-examine the unavailable witness. Regardless of the peculiarity of the situation, the Confrontation Clause does not provide a vehicle by which Defendant can admit the statements made by M.T.

Confrontation Clause jurisprudence is aimed at targeting the abuses of out-of-court statements being offered in court, where a defendant does not have the right to cross-examine the witness in court. See Michigan, 562 U.S. at 358. As the Supreme Court has said, "the most important instances in which the Clause restricts the introduction of out-of-court statements are those in which state actors are involved in a formal, out-of-court interrogation of a witness to obtain evidence for trial." Id. The Court elaborated on this, stating that when the primary purpose of an out-of-court interrogation is *not* creating a

substitute for trial testimony, then the admissibility of the statement is the concern of the Federal Rules of Evidence, not the Confrontation Clause. See id. at 358-59.

The Court finds that the M.T.'s statements were not taken for the primary purpose of creating an out-of-court substitute for trial testimony. The Government noted that SPD conducted the custodial interview of M.T. eleven days after the incident, which was prior to the FBI investigation into the incident. See Record Document 72. Thus, even if the goal of the SPD detectives was to ultimately bring criminal charges against the Defendant (which has not been alleged), this would have no bearing on the FBI's investigation. As the Supreme Court noted in Michigan, supra, this means that the admissibility of M.T.'s statement is governed by the Federal Rules of Evidence, not the Confrontation Clause. Since the statement is not admissible as an exception to the rule against hearsay cited by Defendant, the Court finds that the Defendant's Sixth Amendment right to confront witnesses against him will not be violated by the exclusion of M.T.'s statements to SPD.

### e. Residual Hearsay Exception under Rule 807

The Court's review of the briefing and the unusual circumstances of this case calls into question the applicability of the Rule 807. This rule provides:

> (a) In General. Under the following conditions, a hearsay statement is not excluded by the rule against hearsay even if the statement is not admissible under a hearsay exception in Rule 803 or 804:
> (1) the statement is supported by sufficient guarantees of trustworthiness--after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and
> (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.
> (b) Notice. The statement is admissible only if the proponent gives an adverse party reasonable notice of the intent to offer the statement-- including its substance and the declarant's name--so that the party has a fair opportunity to meet it. The notice must be provided in writing before the

8

trial or hearing--or in any form during the trial or hearing if the court, for good cause, excuses a lack of earlier notice.

The Court would like to hear brief oral arguments on this issue on Monday morning before trial. Each party will be given ten (10) minutes to present its argument on whether M.T.'s statements are admissible under the residual exception articulated in Rule 807. Arguments will begin promptly at 8:30 a.m. on Monday, December 12, 2022.

## CONCLUSION

For the reasons set forth above, the Defendant's motion in limine (Record Document 59) is **DENIED** on the grounds raised in the motion. The Court, *sua sponte*, has raised the issue of whether the statement is admissible under Rule 807. The Court will hear brief argument on the applicability of Rule 807 at **8:30 a.m.** on **Monday, December 12, 2022**.

An order consistent with the terms of this memorandum ruling will issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 8th day of December, 2022.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT