**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 21-00102 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DYLAN HUDSON | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Judgment of Acquittal (Record Document 93) filed by Defendant Dylan Hudson ("Defendant" or "Hudson"). The Government opposes the motion. See Record Document 96. For the reasons set forth below, Defendant's motion is **DENIED**.

**FACTUAL BACKGROUND AND PROCEDRUAL HISTORY**

Hudson was indicted on April 28, 2021, for Deprivation of Rights Under Color of Law in violation of 18 U.S.C. § 242. See Record Document 1. The charge arises from an incident wherein Hudson, a former police officer with the Shreveport Police Department ("SPD"), allegedly used unlawful and unjustifiable tactics to effectuate the arrest of Markeil Tyson ("Tyson").[1] The Indictment charges that Hudson willfully deprived arrestee Tyson of his right to be free from unreasonable use of force by a law enforcement officer when Hudson engaged in the following behaviors: punching Tyson in the face and head, kneeing Tyson in the stomach, tasing Tyson in the head and neck, pistol-whipping Tyson in the head, slamming Tyson's head into the ground, and kicking Tyson in the face. See id. All of this was done, as alleged in the Indictment, without justification. See id.

---

[1] The Indictment only refers to Markeil Tyson as "M.T." However, since the parties and the Court referred to Tyson by name during trial, the Court will refer to Tyson by name in this Memorandum Ruling.

1

A jury trial was conducted in this matter on December 12-15, 2022. At trial, the Government presented seven witnesses and introduced video evidence. See Record Documents 91 and 92; see also Record Document 96 at 1-2. The Government's witnesses included fact witnesses who observed the incident, other SPD officers present for the incident, and an expert tendered in the training and policies of Louisiana Peace Officer Standards and Training ("POST"). See Record Documents 91, 102 at 319-320, and 96 at 2. At the conclusion of the Government's case-in-chief, Defendant orally moved for a Judgment of Acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. See Record Document 80. After hearing argument, the Court denied Defendant's motion. See Record Document 84. The Defendant rested without presenting any evidence to the jury. See id.

The matter was submitted to the jury for deliberation. During deliberations, the jury sent several notes to the Court. See Record Document 86. One specific note from the jury asked the Court to provide a more in-depth definition or explanation of the "willfully" element. See id. at 3. The Court instructed the jury to refer to the Jury Instructions for the full definition and explanation of "willfully" and to avoid placing undue emphasis on one instruction over another. See id. at 4.

After being informed that the jury was deadlocked (see id. at 2), the Court gave the "Allen" Charge in accordance with Fifth Circuit Pattern Criminal Jury Instruction 1.53. See Record Document 84. After more deliberation, the jury remained deadlocked. See Record Document 86 at 5. On December 15, 2022, the Court released the jury and declared a mistrial. See Record Document 87.

On December 28, 2022, Defendant filed the instant Motion for Judgment of Acquittal, in which he re-urges the arguments orally made after the Government rested its case-in-chief. See Record Document 93.

## LAW AND ANALYSIS

### I. Rule 29 Standard

Federal Rule of Criminal Procedure 29 provides that a court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). A defendant may move for judgment of acquittal, or renew such a motion, within fourteen days after the court discharges the jury. See id. at 29(c)(1). On a challenge to the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Miles, 360 F.3d 472, 276 (5th Cir. 2004) (internal citations omitted).

### II. Analysis

In his renewed motion, Defendant cited many of the same arguments raised orally after the Government rested its case-in-chief; namely, Defendant asserts that the Government failed to prove he acted "willfully," as required by 18 U.S.C. § 242. See Record Document 93 at 4-8. Defendant further contends that because the jury specifically requested clarification of the word "willfully" (See Record Document 86 at 3) and because the jury could not reach a verdict, Defendant is entitled to a judgment of acquittal. The Government opposes this argument, noting that although the Defendant is permitted to renew his motion for judgment of acquittal, the Rule 29 standard does not change based

on the timing of the motion. See Record Document 96 at 3. The Government further argues that the evidence, when viewed in the light most favorable to the Government, should be construed as sufficient to support a conviction. See id.

The Court adopts by reference the oral reasons assigned in the denial of Defendant's Rule 29 motion urged at trial. See Record Document 103 at 11-14. At trial, the Court explained the Government presented "ample evidence from which a jury could conclude […] that the indictment as alleged is true." Id. at 14. The Court further noted that there was "substantial evidence" for a "rational jury to find that the essential elements of the offenses were committed beyond a reasonable doubt." Id.

After the Court's denial of Defendant's *ore tenus* motion for judgment of acquittal, the jury deliberated and became deadlocked. Defendant cites this jury deadlock as a reason his re-urged motion should be granted. However, the Fifth Circuit has explained that a hung jury alone is not equivalent to a finding that the evidence is insufficient to warrant submission to a jury. See U.S. v. Becton, 632 F.2d 1294, 1295 (5th Cir. 1980). Thus, Defendant's contention that this Court should grant his re-urged motion for judgment of acquittal based on the fact that the jury became deadlocked is unpersuasive. When viewing the evidence presented at trial in the light most favorable to the Government—as the Court must at this stage—the Court finds that a rational trier of fact could find the elements proven beyond a reasonable doubt. Therefore, the Court finds that Defendant is not entitled to a judgment of acquittal.

## CONCLUSION

For the reasons detailed above, Defendant's Motion for Judgment of Acquittal (Record Document 93) is **DENIED**.

An order consistent with the terms of this memorandum ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 11th day of April, 2023.

*[signature]*

S. MAURICE HICKS, JR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT
